| | | |
|---|---|---|
| **RETURN DATE: AUGUST 30, 2022** | : | **SUPERIOR COURT** |
| **CAMILLA WADE-WEST** | : | **J.D. OF FAIRFIELD** |
| **V.** | : | **AT BRIDGEPORT** |
| **HOME DEPOT USA, INC., ET AL** | : | **JULY 22, 2022** |

## COMPLAINT

1. At all times mentioned herein, the defendant Diversified Maintenance Systems LLC was and is a corporation which conducts and transacts substantial business in the State of Connecticut.

2. At all times mentioned herein, the defendant Diversified Maintenance Systems LLC provided maintenance and janitorial services to the defendant Home Depot U.S.A., Inc. at its premises located at 541 King Highway Cutoff, Fairfield, Connecticut.

3. On or about August 19, 2020, the defendant's agent, servant and/or employee was operating a self-propelled floor cleaning machine inside the Home Depot U.S.A., Inc. premises located at 541 King Highway Cutoff, Fairfield, Connecticut.

4. At said time and at said place, the defendant's agent, servant and/or employee operated the floor cleaning machine within the interior aisles of the store causing liquid to accumulate on the floor.

5. On said date, the plaintiff, Camilla Wade-West, was lawfully present on said premises as an invitee of defendant at the aforesaid premises.

6. On said date, as the plaintiff proceeded down an interior aisle, she was suddenly and without warning caused to slip and fall on the liquid substance existing on the floor.

7. The plaintiff's injuries, damages, and losses were proximately caused by the carelessness and negligence the defendant, its agents, servants, and/or employees, in one or more of the following ways:

- A) IN THAT it failed to inspect the premises to determine if there were any dangerous defective condition then and there existing, namely, a liquid substance on the floor which created a slipping hazard;

- B) IN THAT it failed to warn the plaintiff of the dangerous condition then and there existing, namely a liquid substance on the floor which created a slipping hazard, by appropriately marking the area with signs, visual cues, barriers, or any other reasonable method;

- C) IN THAT it allowed, caused and/or permitted the liquid substance to remain on the premises, thereby creating a danger to those on the premises, including the plaintiff;

D) IN THAT it allowed, caused and/or permitted the liquid substance to remain on the floor, thereby creating a danger to those on the premises, including the plaintiff;

E) IN THAT it failed to fill or otherwise remedy the liquid substance on the floor;

F) IN THAT it failed to fix or remediate the liquid substance on the floor;

G) IN THAT it knew or should have known of the defective conditions, to wit, the liquid substance on the floor, and yet took no measures to remediate them;

H) IN THAT it failed to blockade the floor to protect invitees from the dangerous condition then and there existing;

I) IN THAT it knew, or in the exercise of reasonable care should have known, of the dangerous condition, yet took no measures to warn invitees of same

J) IN THAT they created or caused the liquid substance to be on the floor of the aisle, thus posing a hazard to invitees.

K) IN THAT they failed to train or adequately instruct its agents. Servants, and/or employees concerning the operation of the floor cleaning machine.

L) IN THAT they failed to implement appropriate policies and procedures concerning the use of the floor cleaning machine.

8. As a direct result of the carelessness and negligence of the defendant, their agents, servants, and/or employees, the plaintiff sustained the following injuries and damages, from which injuries or the effects thereof the plaintiff sustained pain and suffering, and which injuries or the effects thereof are or may be permanent in nature:

(a) Right knee pain;

(b) Right knee prepatellar bursistis requiring surgical intervention;

(c) Right knee contusion/hematoma

9. As a further result of the careless and negligence of the defendant its agents, servants and/or employees, the plaintiff incurred medical expenses for medical care and attention, x-rays, therapy and medicines and may incur additional expenses for these items in the future.

10. As a further result of the carelessness and negligence of the defendant,

Diversified Maintenance Systems, LLC., it's agents, servants and/or employees, the plaintiff's work, normal daily activities, and enjoyments of life have been impaired and may be so impaired and may be so impaired in the future, including loss of earnings and earning capacity.

**WHEREFORE**, the plaintiff claims money damages.

Dated at New Haven, Connecticut this 22nd day of August, 2022.

THE PLAINTIFF

BY:_____
Brendan K. Nelligan, Esq.
Kennedy Johnson Schwab & Roberge, LLC
555 Long Wharf Drive, 13th Floor
New Haven, CT  06511
Juris No. 106077
Tel. 203-865-8430

| | | |
|---|---|---|
| **RETURN DATE: AUGUST 30, 2022** | : | **SUPERIOR COURT** |
| **CAMILLA WADE-WEST** | : | **J.D. OF FAIRFIELD** |
| **V.** | : | **AT BRIDGEPORT** |
| **HOME DEPOT USA, INC., ET AL** | : | **JULY 22, 2022** |

<u>**STATEMENT OF AMOUNT IN DEMAND**</u>

The plaintiff claims compensatory damages within the jurisdiction of this court in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00)

THE PLAINTIFF

BY: _____
Brendan K. Nelligan, Esq.
Kennedy Johnson Schwab & Roberge, LLC
555 Long Wharf Drive, 13th Floor
New Haven, CT  06511
Juris No. 106077
Tel. 203-865-8430